**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

In re:                          :    CHAPTER 13

Kiimberly Glaser
                Debtor    :    BANKRUPTCY NO. 19-11998

Kiimberly Glaser
                Debtor    :    Adv. #
        v.
Wells Fargo Bank, N.A            :
as Trustee for the Carrington :
Mortgage Loan Trust, Series   :
2007-FRE1, Asset-Backed       :
Pass-Through Certificates     :

        and                   :
                              :
Select Portfolio Servicing,   :
Inc.

COMPLAINT OBJECTING TO PROOF OF CLAIM OF DEFENDANT WELLS FARGO,
CLAIM # 2-1, TO DETERMINE EXTENT AND VALIDITY OF LIEN ASSERTED BY
DEFENDANT WELLS FARGO AND FOR DAMAGES AGAINST DEFENDANTS IN FAVOR
                        OF PLAINTIFF

## **INTRODUCTION**

1.  The instant complaint is filed by Debtor pursuant to

Bankruptcy Rules 3007 and 7001 and pursuant to 11 U.S. §§502(b)(1)

to object to the proof of claim, Claim # 2-1,of Defendant Wells

Fargo Bank, N.A. (Wells Fargo) and to determine the extent and

validity of any putative lien asserted by Defendant Wells. Debtor

seeks actual damages, statutory damages, punitive damages, costs

and attorneys fees against Defendant pursuant to Pennsylvania Act

6 of 1974 (Act 6)arising out of the collection of usurious

interest.  Debtor also seeks a determination, pursuant to 11 U.S.C. §506(d) that any lien held by Wells Fargo, if Wells Fargo is found to hold any lien, is void to the extent it does not secure an "allowed secured claim" within the meaning of 11 U.S.C. §§502 and 506(a).

Finally, Debtor seeks by way of recoupment affirmative actual damages and statutory damages, costs and attorneys fees pursuant to the Federal Fair Debt Collection Practices Act against Select Portfolio Servicing, Inc. (SPS) for filling a proof of claim that ignores the judgment in mortgage foreclosure that was entered on the mortgage upon which Wells Fargo's proof of claim is based.

## **JURISDICTION**

2.   Jurisdiction over this matter is conferred upon this court by 28 U.S.C. §§1334 and 157(a).  This matter is a core proceeding within the meaning of 28 U.S.C. §§ 157(b)(2),(A) (B) (C), (K), and (O).

3.   Plaintiff consents to the bankruptcy court rendering a final judgment in this action.

## **PARTIES**

4.   Kimberly Glaser, the plaintiff herein, is a natural person and the debtor in the above captioned voluntary chapter 13 proceeding.

5.   Debtor resides in her home at 2253 Disston Street, Philadelphia, PA 19149.

6.    Defendant Wells Fargo, N.A. as Trustee for the Carrington Mortgage Loan Trust, Series 2007-FRE1, Asset-Backed Pass-Through Certificates ("Wells Fargo") is a National Association organized under the laws of the United States and is being sued in its capacity as the trustee for the referenced Mortgage Loan Trust.

7.    Defendant  Wells Fargo is located at 3217 S. Decker Lake Drive, Salt Lake City, UT 84119.  Notices to Wells Fargo may be sent c/o Select Portfolio Servicing Inc. At P.O. Box 65250, Salt Lake City, UT 84165-0250.

8.    Defendant Select Portfolio Servicing, Inc. ("SPS")is a Utah  Corporation and a wholly owned subsidiary of SPS Holding Corporation.

9.    At all times relevant hereto, to the extent Wells Fargo is not the holder of the Note and Mortgage upon which it bases its proof of claim, or the entity entitled to enforce the judgment in mortgage foreclosure upon which it bases its claim, is a debt collector within the meaning of the Fair Debt Collection Practices Act 15 U.S.C. §1692 et seq.

10.  At all times relevant hereto, SPS, is and was a debt collector within the meaning of the Fair Debt Collection Practices Act 15 U.S.C. §1692 et seq.

**FACTS**

11.   Defendant SPS, in its capacity as the debt collector for Wells Fargo has filed a proof of claim, a copy of which is

**3**

attached hereto as "Exhibit A", in the name of Wells Fargo which asserts claims against Debtor totaling $132,779.57 as a secured claim and which asserts an arrearage claim in the amount of $26,609.95.

12.  The proof of claim was filed for Wells Fargo by its debt collector SPS.

13.  SPS retained the law firm KML Law Group to file the proof of claim for it in the name of Wells Fargo.

14.  The retainer agreement under which KML Group was acting when it filed the proof of claim was between KML Law Group and SPS.

15.  SPS instructed Rebecca A. Solarz, Esquire, an employee of the KML Law Group to file the proof of claim.

16.  SPS provided the KML law firm with all of the information contained in the attachments to the proof of claim.

17.  SPS instructed the KML law group on the amount to demand in the proof of claim and to ignore the judgment in mortgage foreclosure that Wells Fargo had obtained on the underlying mortgage.

18.  At all times relevant SPS was aware that a judgment in mortgage foreclosure had been entered on the mortgage that formed the basis of Defendant Wells Fargo's proof of claim.

19.  SPS instructed KML law Group to ignore the existence of the judgment in filing the proof of claim.

**4**

20. At all times relevant SPS was acting as the agent of Wells Fargo and under its direction and control.

21. The "creditor" named in the proof of claim is the same Wells Fargo set forth in the caption above as one of the defendants in the instant action.

22. The claim is based on a mortgage attached to the proof of claim as an exhibit; on a note which is referred to in the mortgage, a loan modification agreement, as well as on various assignments of the mortgage.

23. Not attached as an exhibit to the prof of claim is any evidence of the default judgment that was entered on the mortgage and modification agreement upon which Wells Fargo relies.

24. The transaction upon which Defendant basis its proof of claim was a residential mortgage obligation subject to the provisions Act 6 of 1974, as amended, in particular the provisions of Article II of Act 6 (Maximum Lawful Interest Rates); Article III (Exceptions to Maximum Lawful Interest Rates) and Article IV (Protective Provisions).

25. In violation of the provisions of 41 P.S. §301(e) the entity that lent Debtor the principal sum attempted to impose upon Ms Glaser an interest rate that was usurious in amount and in absolute terms and also contained a variable interest rate provision that was not in conformity with the requirements of 41

P.S. §301(e) as well as interest amounts that were not based on the index required by 41 P.S. §301(a)(b) and (c).

26.   In all respects the interest rate provisions were unlawful, unfair, oppressive, one sided and unconscionable.

27.   The interest that was collected from Debtor by the holder of the note and mortgage was more than that allowed by applicable state law at the outset and increased from there.

28.   Specifically the interest rate is based on a usurious rate calculation in violation of 41 P.S. §301(e)(1); it is one sided in that it can only go up and never down, in violation of 41 P.S. §301(e)(2);the rate provisions permit rate changes that exceed that permitted by 41 P.S.§301(e)(4) and the mortgage was given without the notices and an alternative mortgage fixed rate product being offered as provided in 41 P.S. §301(e)(10).

29.   Debtor did not seek a variable rate mortgage, she did not apply for a variable rate mortgage, she did not want a variable rate mortgage and the fact that she was applying for a variable rate mortgage was not conspicuously disclosed in the mortgage application along with the other required disclosures provided for in 41 P.S. §301(10).

30.   The usurious and unconscionable interest rates were imposed upon Ms Glaser through unfair and deceptive practices, artifice, deceit, and misrepresentation.

**6**

31.   The usurious and unconscionable terms and interest rates were imposed upon Ms Glaser through the use of substantially unequal bargaining power and unequal economic power and as the result of unequal knowledge and access to information.

32.   The usurious and unconscionable loan provisions were imposed upon Ms Glaser by entities who made express misrepresentations about: the nature of the consumer loan and its interest rate terms; the disadvantages of the loan and the comparative advantages of other loan products for which Ms Glaser was eligible as a low income, unsophisticated consumer.

33.   The original Payee under the note used deception and misinformation, upon which Ms Glaser relied, to discourage Ms Glaser from taking advantage of more beneficial loan products.

34.   Because the interest rate provisions were unlawful and unconscionable as provided in the loan documents and inconsistent with the requirements of Act 6 of 1974, the loan transaction upon which Wells Fargo bases its proof of claim is determined by the maximum interest rate provided in 41 P.S.§201 or a lesser rate in Part III of Act 6.

35.   From the inception of the loan transaction to date Ms Glaser has paid on account of the loan not less than the total amount legitimately due on the note to date, plus all legal interest.

36. Most of Debtor's payments have been applied to usurious interest.

37. Pursuant to 41 P.S. §501 Debtor has a right to have this amount credited and reapplied to bring her loan payments current as they would have been had the payments been properly applied.

38. Pursuant to 41 P.S. §502 Ms Glaser has a set off and a recoupment against anyone attempting to collect on the debt secured by the mortgage upon which Wells Fargo bases its proof of claim equal to triple the amount of usurious interest that was collected in connection with the mortgage.

39. In accordance with 42 P.S. §501, so much of the sum that was paid by Ms Glaser and improperly applied to illegal interest as may be necessary to repay the legitimate amount due on the loan may be reapplied to pay in full any periodic payments of principal and interest and escrow that is claimed to be due.

40. When properly applied the payments made by Ms Glaser to date on account of the note and mortgage is sufficient to bring her payments current and to eliminate any arrears.

41. As a result of the mis-application of Ms Glaser's payments, fees and costs were charged to her account that were not due, including all attorneys fees, all inspection fees, all appraisal fees and all foreclosure fees and all attorney fees.

42. As the result of the misapplication of her payments, the new principal balance set forth in the loan modification agreement was over stated, resulting in further misapplication of payments once the loan was modified and overstatement of the alleged arrearage.

43. The claim for arrears includes $7,487.50 in alleged pre-petition fees that are not legitimately due, as well as $7,081.02 in principal and interest payments which are not due.

44. Further, if the payments wrongly applied pre-petition fees and costs and attorney fees had been correctly applied to escrow payments the escrow deficit would be, if not 0.00, not more than approximately $4,000.00.

45. For these reasons if Wells Fargo has any claim for arrears at all it is at most for $4,000.00 and may be as little as $0.00.

46. Ms Glaser is the owner of the property at issue.

47. At all times relevant the property is a residential single family dwelling.

48. While the face amount of Note in the underlying loan was $60,000.00, the original bona fide principal amount of Ms. Glaser's mortgage, within the meaning of §101 of Act 6 was $50,000.00 or less.

49. The mortgage loan which forms the basis of the proof of claim prepared and filed in the name of Wells Fargo by its debt

collector SPS is a residential mortgage within the meaning of 41 P.S. §101.

50. In connection with the consumer loan transaction that resulted in the mortgage upon which Wells Fargo bases its proof of claim, Debtor was not provided with the disclosures that meet the requirements of the provisions of the Truth In Lending Act then in affect.

51. The loan upon which Wells Fargo bases its proof of claim was a loan that came within the provisions of the Home Ownership and Equity Protection Act (HOEPA).

52. The loan was a high cost mortgage within the definitions set forth in 15 U.S.C. §1602 effective at the date of the loan.

53. In connection with the loan, debtor was not given the notice required by the Truth in Lending Act, 15 U.S.C. §1639. three days in advance of the loan accurately reflecting the terms of the loan.

54. As the result of the non-compliance with the requirements of 15 U.S.C. §1639, Plaintiff has an affirmative claim or a set off or recoupment against either any claims for arrears or any total debt claim in an amount equal to all the finance charges and fees paid by Ms Glaser over the life of the loan. 15 U.S.C. §1640(a)(4).

55.   To date debtor has paid not less than $20,000 in finance charges and fees over the life of the loan.

56.   Debtor has a claim against Wells Fargo, or anyone seeking to be an assignee of the mortgage upon which Wells Fargo bases its claim, for statutory damages pursuant to 15 U.S.C. §1640 in the amount of $4,000.00 by way of either affirmative damages or recoupment for the lack of the required TILA disclosures. 15 U.S.C. §1640(a)(2)(A)(i).

57.   Defendant Wells Fargo is not in physical possession of the Note upon which its claim is based and for that reason has no standing to file a proof of claim against Debtor that is based upon anything other than the judgment in mortgage foreclosure that was entered in the case of *Wells Fargo Bank. N.A. as Trustee v Kimberly Glaser*, F.J.D. August Term 2017 No. 1916.

58.   The mortgage upon which Wells Fargo bases its proof of claim, was the basis of an action in mortgage foreclosure filed against Debtor Wells Fargo in the Philadelphia Court of Common Pleas and captioned *Wells Fargo Bank. N.A. as Trustee v Kimberly Glaser*, F.J.D. August Term 2017 No. 1916.(Hereinafter, "The 2017 Foreclosure").

59.   On or about July 16, 2018 Wells Fargo obtained a default judgment against Debtor in the 2017 Foreclosure in the amount of $118,073,75.

60. Since the entry of the judgment in the 2017 Foreclosure the alleged default on the Note and Mortgage has never been treated as cured by the holder or servicer of the mortgage.

61. Debtor filed the instant Bankruptcy on March 29, 2019.

62. In its proof of claim, prepared by SPS, Wells asserts an alleged total debt claim in the amount of $132,779.57 allegedly based on the Note and Mortgage and Loan Modification Agreement.

63. For the reasons set forth above it is denied Wells Fargo has a valid total debt claim in any amount, based on anything other than the judgment in the 2017 Foreclosure.

64. However, if U.S. Bank has any total debt claim it must be based on the judgment which it obtained in 2017 Foreclosure, which as of the date of the bankruptcy filing was approximately $119,648,07. *In re Stendardo*, 991 F.2d 1089,1094-95,1097 (3d Cir.1993); *In re A & P Diversified Technologies Realty, Inc* .,467 F.3d 337, 343 (3d Cir. 2006) ("Under the merger doctrine, the mortgage and its concomitant attorneys' fees provision ceased to exist when the judgment was entered.")(applying New Jersey law).

65. In the proof of claim prepared by its Debt Collector SPS, Wells Fargo demands payment of sums in connection with its total debt proof of claim approximately $13,131.503 more than is permitted by the decision of the Third Circuit Court of appeals in *Stendardo*.

**12**

66. The total due on the judgment in the 2017 Foreclosure as of March 29, 2019 - when the instant bankruptcy was filed was $118,073.75 plus interest, at the rate of 2% per annum, in the amount of approximately $1,574.32 - for a total of approximately $119,648.07 - less any payments made since the judgment.

67. If the proof of claim filed by SPS for Wells Fargo is not disallowed entirely, because Wells Fargo has no standing to file the proof of claim, the proof of claim must be found to be overstated by approximately $13,131.50.

68. SPS, by preparing the proof of claim that ignored the existence of the judgment in the 2017 Foreclosure, misrepresented the nature, amount and legal status of the debt it was attempting to collect; threatened to take action which it could not legally take; and attempted to collect a debt in an amount not permitted by law.

69. For this reason Defendant SPS is liable to Plaintiff pursuant to the provisions of the Fair Debt Collections Practices Act.  15 U.S.C. §§1692e(2)(A); 1692e(5) and 1692f(1).

70. But for the judgment in mortgage foreclosure Debtor owes nothing to Wells Fargo because the payments Debtor had made on the mortgage since its inception were misapplied to usurious interest instead of to reduce the debt.

### COUNT I
### DISALLOWANCE OF ENTIRE PROOF OF CLAIM FOR LACK OF STANDING

71. Plaintiff incorporates by reference the allegations in paragraphs 1 through 70, <u>supra</u>.

WHEREFORE, Defendant prays this court to disallow the proof of claim, claim #2-1, entirely, because Wells Fargo lacks standing to assert any claim based on the documents upon which the proof of claim is based, which do not include the judgment in mortgage foreclosure entered in the 2017 Mortgage Foreclosure.

**COUNT II**
**IN THE ALTERNATIVE**
**DISALLOWANCE OF PROOF OF CLAIM UNDER THE DOCTRINE OF *RES JUDICATA***
**IN EXCESS OF THE UNPAID BALANCE DUE ON THE 2017 JUDGMENT**

72. Ms Glaser incorporates by reference the allegations contained in paragraphs 1 through 70, *supra*.

73. If Wells Fargo has any interest in the Note and mortgage upon which it bases its claim, it must derive that claim as the party entitled to enforce the default judgment in mortgage foreclosure in The 2017 Foreclosure.

74. This being the case, Wells Fargo is bound by the default judgment in mortgage foreclosure entered in the 2017 Foreclosure.

75. The foreclosure complaint filed in the 2017 Foreclosure asserted the same claims for payment of the same alleged debt that is asserted against Debtor in Wells Fargo's proof of claim.

76. The amount due on the judgement as of the petition date was not greater than approximately $119,648.07.

**14**

77. If Wells Fargo can establish itself to be the holder of the judgment entered in the 2017 Foreclosure, it is the holder of an allowed claim in the amount of at most $$119,648.07, less the set-offs, counterclaims, recoupments and other reductions set forth below.

78. If Wells Fargo has any standing to assert a claim based on the judgment entered in The 2017 Foreclosure, it is precluded by the default judgment entered in that case and by the doctrine of *res judicata,* or claim preclusion*,* from asserting a claim against Debtor based on that judgment in excess of the amount of that judgment, less any payments made on account of the judgment, plus all properly accrued interest permitted on the judgment, reduced by the claims, set offs, recoupments and defenses set forth below.

**WHEREFORE**, if the court determines  to not disallow the proof of claim of Wells Fargo entirely,  Debtor prays this court to disallow the total debt claim of Wells Fargo to the extent it exceeds the unpaid balance of the default judgment entered in the 2017 Foreclosure, less all payments that have been made on the judgment, plus all properly accrued interest on the judgment, and further reduced by the affirmative claims, set offs and recoupments set forth below.

## COUNT III
### CLAIMS AGAINST SPS FOR VIOLATION OF FDCPA

79.  Plaintiff incorporates by reference the allegations contained in paragraphs 1-78 above.

80.  At all times relevant SPS, its agents and employees were debt collectors within the meaning of the Fair Debt Collection Practices Act in that it has been engaged in attempting to collect the debt of another and, to the extent it was collecting the debt as a mortgage servicer, the servicing of the debt was transferred to it while the debt was in default.

81. SPS engaged the law firm of KML to file a proof of claim in the name of Wells Fargo based on information SPS provided which ignored the existence of the judgment in the 2017 Foreclosure.

82.  By having the KML law firm file a proof of claim that ignores the default judgment entered in the 2017 Foreclosure SPS is attempting to collect a debt in an amount it knew or should have known was not owed and which its principal cannot collect. By representing that the claim reflected the accurate basis of the debt and the amount that was due, SPS violated the provisions of the FDCPA.  15 U.S.C. §§1692e(2)(A); 1692e(5) and 1692f(1).

83.  Debtor suffered actual out of pocket damages in an amount of not less than $100.00 as the result of SPS unlawful actions.

WHEREFORE, Plaintiff prays this court to:

a.   Award Debtor statutory damages, pursuant to the FDCPA, 15 U.S.C. §1692k(a)(2)(A), against SPS in the amount of $1,000.00 for filing a proof claim on behalf of its principal in its capacity as a debt collector in an amount which it knew to be unsupportable under applicable state and federal law and which ignored the judgment in mortgage foreclosure entered on the mortgage upon which the claim is based;

b.   Grant the Debtor attorney's fees and costs pursuant to 15 U.S.C. §§1692k(a)(3);

c.   Find that SPS violated the Fair Debt Collection Practices Act, and award Debtor actual damages to be determined at trial under 15 U.S.C. §1692k.

d.   Award Plaintiff attorneys fees pursuant to 15 U.S.C. §§ 1692k and 1693m;

e.   Grant such other relief as may be necessary or proper under applicable law.

## COUNT IV
### DISALLOWANCE OF PROOF OF CLAIM FOR ARREARS PURSUANT TO 41 P.S. §§201,301,403,404,406,501,502 AND UNCONSCIONABILITY AND DAMAGES PURSUANT TO 41 P.S. §502

84. Plaintiff incorporates by reference the allegations in paragraphs 1 through 83 supra.

WHEREFORE, in the event the Proof of Claim is not disallowed entirely because Wells Fargo lacks standing to assert it, Plaintiff prays this court to:

     a.   Find the terms of the original note which the mortgage secures and the terms of the mortgage, prior to modification to be unconscionable to the extent they provide for an interest rate and for terms which are not consistent with the provisions of 41 P.S.§301 and that interest Plaintiff paid and was charged was approximately twice the interest allowed by applicable law.

     b.   Pursuant to 41 P.S. §501, find that Debtor was not required to pay any interest that is or was usurious and find that all the payments made by Debtor since the inception of the loan in 2006 are to be reapplied to interest at the legal rate and the balance to principal.

     c.   Find that as a result of the correct application of the payments, Debtor has no arrears on the loan and was at time of the bankruptcy current on her loan obligation.

     d.   Find Debtor to have a recoupment against any proof of claim asserted by Wells Fargo for triple damages under 41 P.S. §502.

     e.   Award Debtor triple damages against Wells Fargo.

     f.   Pursuant to 41 P.S. §401-404 and 406, disallow any claim for attorney fees and costs and fees related to an alleged default included in the proof of claim for arrears, there

was no default justifying such fees and costs at the time they were applied.

g. Find that Debtor, pursuant to 41 P.S. §502, has a recoupment against any portion of the claim that is not disallowed that reduces the amount of the allowed claim for arrears to $0.00.

h. Disallow the proof of for arrears claim in its entirety and determine debtor to have cured any default in accordance with 41 P.S. §§403 and 404 and to have the mortgage restored to the same position as if no default had occurred.

i. Reduce the total debt claim by the same amount by which the claim for arrears is reduced

j. Grant the Debtor attorney's fees and costs pursuant to 41 P.S. §§503 and 504.

k. Grant such other relief as may be necessary and proper under applicable law.

## COUNT V
### DAMAGES AGAINST WELLS FARGO PURSUANT TO TILA

85. Plaintiff incorporates by reference the allegations in paragraphs 1 through 84 supra and in particular paragraphs 50-56.

86. The Truth in Lending violations where apparent from the face of the loan documents.

WHEREFORE, Plaintiff prays this court to:

a.    Award Plaintiff a recoupment in the amount of $4,000.00 statutory damages against any secured claim the court may allow in favor of Wells Fargo, whether for arrears or for the total debt pursuant to 15 U.S.C. §1640(a)(2)(A)(i));

b.    Award Plaintiff a recoupment or actual damages resulting from the disclosure violations in an amount to be determined at trial;

c.    Pursuant to 15 U.S.C. §1640(a)(4) award Plaintiff a recoupment for statutory damages in the amount of not less than $20,000 for the failure to comply with the notice and disclosure requirements of 15 U.S.C. §1639 damages.

d. Award Plaintiff attorney fees and costs pursuant to 15 U.S.C. §1640(a)(3);

e.    Grant Plaintiff such other relief as may be necessary and proper under the law.

## COUNT VI
### LIEN AVOIDANCE PURSUANT TO 11 U.S.C. §506(d)

87. Plaintiff incorporates by reference the allegations in paragraphs 1 through 86 *supra.*

88. Pursuant to 11 U.S.C. §506(d) any lien Wells Fargo may have on Debtor's home that secures a debt that is not an allowed secured claim is void.

WHEREFORE, Debtor prays this court to enter an order avoiding, pursuant to 11 U.S.C. §506(d), any lien Wells Fargo may

have had on Debtor's Home to the extent the lien is found to not secure an allowed secured claim, because the claim is disallowed under 11 U.S.C. §502.

Respectfully submitted,

/s/Irwin Trauss
IRWIN TRAUSS, Esquire
Attorney for Kimberly Glaser
PHILADELPHIA LEGAL ASSISTANCE CENTER
718 arch Street, Suite 300N
Philadelphia, PA 19102
(215) 981-3811 (215) 981 3870 (Fax)
ltrauss@philalegal.org