## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re:<br><br>KIMBERLY GLASER,<br><br><div align="center">Debtor.</div> | Case No. 2:19-bk-11998-mcd<br><br>Chapter 13 |
| KIMBERLY GLASER,<br><br><div align="center">Plaintiff,</div><br>v.<br><br>WELLS FARGO BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR CARRINGTON MORTGAGE LOAN TRUST, SERIES 2007-FRE1, ASSET-BACKED PASS-THROUGH CERTIFICATES and SELECT PORTFOLIO SERVICING, INC.<br><br><div align="center">Defendants.</div> | Adv. Proc. No. 2:20-ap-00005-mdc |

---

### MOTION OF DEFENDANTS WELLS FARGO BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR CARRINGTON MORTGAGE LOAN TRUST, SERIES 2007-FRE1, ASSET-BACKED PASS-THROUGH CERTIFICATES AND SELECT PORTFOLIO SERVICING, INC. TO DISMISS PLAINTIFF'S ADVERSARY COMPLAINT

---

**PARKER IBRAHIM & BERG LLP**
Fred W. Hoensch, Esq.
Marissa Edwards, Esq.
1635 Market Street, 11th Floor
Philadelphia, PA 19103
Telephone: (267) 908-9800
Facsimile: (267) 908-9888

*Attorneys for Defendants,*
Wells Fargo Bank National Association, as Trustee for Carrington Mortgage Loan Trust, Series 2007-FRE1, Asset-Backed Pass-Through Certificates and Select Portfolio Servicing, Inc.

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES .................................................................................... iii

PRELIMINARY STATEMENT ................................................................................1

STATEMENT OF FACTS AND PROCEDURAL BACKGROUND........................2

    I.    The Mortgage Loan & Judgment in Foreclosure ..........................................2

    II.   Plaintiff's Bankruptcy and Wells Fargo Trust's Proof of Claim ................3

    III.  The Instant Adversary Complaint ................................................................4

LEGAL ARGUMENT...............................................................................................5

    I.    LEGAL STANDARD .................................................................................5

    II.   THE COMPLAINT FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED; IT SHOULD BE DISMISSED WITH PREJUDICE ....................5

        A.   Count I Should Be Dismissed Because Wells Fargo Trust Has Standing To File The Proof of Claim ............................................................................. 5

        B.   Count II Should Be Dismissed Because Plaintiff Has Elected to Cure Her Default, Thereby Reviving The Loan Documents.  Alternatively, An Exception to the Merger Doctrine Applies. ........................................................ 7

           i.     Plaintiff Has Elected to Cure and Reinstate the Mortgage Thereby Reinstating Her Obligations Under the Same. ............................... 7

           ii.    Alternatively, the Mortgage Expressly Allows for Post-Judgment Interest and Attorney's Fees. ......................................................... 10

        C.   Count III Should Be Dismissed With Prejudice Because It Is Improperly Pled and Fails as a Matter of Law............................................................ 11

           i.     Plaintiff's FDCPA Claim Fails to State a Claim. ........................ 12

           ii.    Plaintiff's FDCPA is Preempted By the Bankruptcy Code. ......... 12

        D.   Count IV Should Be Dismissed With Prejudice Because The Loan Does Not Meet the Definition of a Residential Mortgage Under Act 6 .......................... 14

        E.   Count V Should Be Dismissed With Prejudice Because Plaintiff's Mortgage Is Not a "High Cost Mortgage" Under HOEPA .................................................. 15

F.   Count VI Should Be Dismissed Because Wells Fargo Trust has an Allowable
Secured Claim on the Property .......................................................................... 18

CONCLUSION ............................................................................................................... 19

## <u>TABLE OF AUTHORITIES</u>

**Cases**

*Appeal of Capps*,
836 F.2d 773 (3d Cir. 1987).............................................................................................. 8

*Armani v. Nw. Mut. Life Ins. Co.*,
No. 2017 U.S. Dist. LEXIS 117203 (C.D. Cal. July 24, 2017) .................................. 17

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009)........................................................................................................ 5

*Atl. Coast Line R. Co. v. Bhd. of Locomotive Eng'rs*,
398 U.S. 281 (1970) ........................................................................................................ 6

*Bayview Loan Servicing, LLC v. Lindsay*,
646 Pa. 381 (Pa. 2018)................................................................................................... 14

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007)............................................................................................ 5, 15, 17

*Bernadin v. U.S. Bank Nat'l. Ass'n (In re Bernadin)*,
609 B.R. 26 (Bankr. E.D. Pa. 2019) ....................................................................... 11, 12

*Blythe v. HSBC Bank USA, N.A. (In re Blythe)*,
413 B.R. 205 (Bankr. E.D. Pa. 2009) .......................................................................... 16

*Doug Grant, Inc. v. Greate Bay Casino Corp.,\*
232 F.3d 173 (3d Cir. 2000)...................................................................................... 5, 15

*Dukes v. Firstrust Bank (In re Dukes)*,
Adversary No. 96-1004, 1997 Bankr. LEXIS 2221 (Bankr. E.D. Pa. Nov. 7, 1997).................... 9

*EMC Mortg., LLC v. Biddle*,
2015 PA Super 79 (Pa. Super. Ct. 2015) ..................................................................... 10

*Faulkner v. M&T Bank (In re Faulkner)*,
593 B.R. 263 (Bankr. E.D. Pa. 2018) ............................................................................ 6

*In re Cohen-Harvin*,
571 B.R. 672 (Bankr. E.D. Pa. 2017) ................................................................. 10, 11

*In re Cook*,
432 B.R. 519 (Bankr. D.N.J. 2010) ........................................................................ 19

*In re Lammy*,
356 B.R. 168 (Bankr. E.D. Pa. 2006) ..................................................................... 13

*In re Miles*,
400 B.R. 441 (Bankr. E.D. Pa. 2008) .................................................................... 8, 9

*In re Stendardo*,
991 F.2d 1089 (3d Cir. 1993)......................................................................... 7, 8, 9, 10

*In re Walkabout Creek Ltd. Dividend Hous. Ass'n Ltd. P'ship*,
460 B.R. 567 (Bankr. D.D.C. 2011) ...................................................................... 18

*James v. Grp. Life & Health Benefits Plan for Emples. of Participating AMR Corp. Subsidiaries*,
2014 U.S. Dist. LEXIS 131432 (D. Or. Sep. 19, 2014)......................................... 17-18

*Jensen v. Pressler & Pressler*,
791 F.3d 413 (3d Cir. 2015).................................................................................... 12

*Johnson v. Home State Bank*,
501 U.S. 78 (1991)..................................................................................................... 6

*Johnson v. Know Fin. Grp., L.L.C.*,
No. 03-378, 2004 U.S. Dist. LEXIS 9916 (E.D. Pa. May 26, 2004).......................... 16

*Johnson v. Phelan Hallinan & Schmieg, LLP*,
2019 PA Super 11 (2019) .................................................................................. 14, 15

*Midland Funding, LLC v. Johnson*,
137 S. Ct. 1407 (2017).............................................................................................. 13

*Newton v. United Cos. Fin. Corp.*,
24 F. Supp. 2d 444 (E.D. Pa. 1998) ......................................................................... 16

*Pennsylvania Dept. of Public Welfare v. Davenport*,
495 U.S. 552 (1990).............................................................................................. 6

*Phillips v. Cty. of Allegheny,*
515 F.3d 224 (3d Cir. 2008)...................................................................................... 5

*Ramadan v. The Chase Manhattan Corp.*,
229 F.3d 194 (3d Cir. 2000)...................................................................................... 18

*Rogel v. Deutsche Bank Nat'l Tr. Co.* (*In re Rogel),*
425 B.R. 231 (Bankr. W.D. Pa. 2010) ..................................................................... 8, 9

*Rooker v. Fidelity Trust Co.*,
263 U.S. 413 (1923)................................................................................................ 6

*Sands v. McCormick*,
502 F.3d 263 (3d Cir. 2007).................................................................................... 3

*Sayre v. Customers Bank,*
2017 U.S. Dist. LEXIS 86141 (E.D. Pa. June 6, 2017) .............................................. 15

*Schmidt v. Skolas*,
770 F.3d 241 (3d Cir. 2014)...................................................................................... 17

*Simon v. FIA Card Servs., N.A.*,
732 F.3d 259 (3d Cir. 2013)............................................................................... 12-13, 13

*Smiriglio v. Hudson United Bank*,
98 Fed. Appx. 914 (3d Cir. 2004).............................................................................. 8

*Stefanowicz v. SunTrust Mortg.*,
No. 3:16-cv-00368, 2017 U.S. Dist. LEXIS 3592 (M.D. Pa. Jan. 9, 2017)................................. 17

*Taliaferro v. Darby Township Zoning Bd.*,
458 F.3d 181 (3d Cir. 2006)................................................................................... 6-7

*Torres v. Asset Acceptance, LLC*,
96 F. Supp. 3d 541, 547-48 (E.D. Pa. 2015).............................................................. 13

*Trunzo v. Citi Mortgage,*
43 F. Supp. 3d 517 (W.D. Pa. 2014) ............................................................................. 14

*Wehrheim v. Secrest*,
2002 U.S. Dist. LEXIS 19020 (S.D. Ind. Aug. 16, 2002) ........................................... 12

*Willett v. Midfirst Bank (In re Willett),*
196 B.R. 732 (Bankr. W.D. Pa. 1996) ...................................................................... 8, 9

*Williams v. BankOne Nat'l Ass'n (In re Williams),*
291 B.R. 636 (Bankr. E.D. Pa. 2003) ......................................................................... 16

**Statutes**

11 U.S.C. §101(5) .......................................................................................................... 6

11 U.S.C. §102(2) .......................................................................................................... 6

11 U.S.C. § 506(d) ....................................................................................................... 19

11 U.S.C. § 1132(e) ...................................................................................................... 13

11 U.S.C. § 1322 .......................................................................................................... 13

15 U.S.C. § 1601 .......................................................................................................... 15

15 U.S.C. § 1602 ..................................................................................................... 16, 17

15 U.S.C. § 1639 .......................................................................................................... 16

15 U.S.C. § 1641(a) ...................................................................................................... 18

41 P.S. § 101 ................................................................................................................ 14

41 P.S. §§ 201 .............................................................................................................. 14

41 P.S. §§ 301 .............................................................................................................. 14

41 P.S. §§ 401-408 ....................................................................................................... 14

41 P.S. §§ 501-507 ....................................................................................................... 14

**Rules**

Fed. R. Bankr. P. 7012 ............................................................................................................. 1, 5

Fed. R. Civ. Pro. 12(b)(6) ........................................................................................................ 1, 5

Fed. R. Evid. 201(b)(2) ............................................................................................................. 18

Defendants Wells Fargo Bank National Association, as Trustee for Carrington Mortgage Loan Trust, Series 2007-FRE1, Asset-Backed Pass-Through Certificates ("Wells Fargo Trust") and Select Portfolio Servicing, Inc. ("SPS" and together with Wells Fargo Trust, "Defendants") respectfully submits this Motion to Dismiss (the "Motion") the Adversary Complaint (the "Complaint") filed by debtor/plaintiff Kimberly Glaser ("Plaintiff") with prejudice, pursuant to Fed. R. Bankr. P. 7012 and Fed. R. Civ. Pro. 12(b)(6).

## PRELIMINARY STATEMENT

The Complaint amounts to nothing more than Plaintiff's latest attempt to avoid her obligations under the Note and Mortgage and the judgment (properly) entered against her in a state court foreclosure action. It should be dismissed with prejudice.

Broadly speaking, the Complaint contains two categories of claims: those challenging Wells Fargo Trust's Proof of Claim (Counts I, II, and VI) and those asserting affirmative claims against Defendants (Counts III, IV, and V). Neither category has any merit.

*First*, in Counts I, II, and VI, Plaintiff argues that, by virtue of the merger doctrine, Wells Fargo Trust's Proof of Claim should be disallowed entirely or reduced to remove all post-judgment expenses. Plaintiff's argument, however, overlooks the fact that Plaintiff has elected to cure and reinstate the Mortgage, thereby reviving her obligations under the same. Plaintiff cannot have it both ways - requesting to cure the mortgage, then crying foul when a proof of claim that allows for a reinstatement is filed. Alternatively, if this Court declines to apply the revival exception, disallowance would still be improper as certain post-judgment expenses are expressly permitted by the Mortgage, thereby surviving merger.

*Second*, in Counts III, IV, and V, Plaintiff brings claims for alleged violations of the FDCPA, Act 6, and TILA, each of which are not only improperly pled, but also fail as a matter

of law.  Specifically, Plaintiff's FDCPA claim fails because SPS clearly had a valid "legal basis" for filing the Proof of Claim and her Act 6 and TILA claim fail because the Loan does not qualify as "residential mortgage" or a "high cost mortgage" as required for those acts to apply. As such, these claims should be dismissed with prejudice as any amendment would be futile.

Accordingly, and for the reasons set forth more fully herein, the Motion should be granted and Plaintiff's Complaint should be dismissed in its entirety and with prejudice.

## STATEMENT OF FACTS AND PROCEDURAL BACKGROUND

Plaintiff's Complaint contains nearly 90 allegations in support of her six claims, the majority of which are either unrelated to Plaintiff's purported claims or unsupported conclusions of law. *See*, generally, Compl.  For the sake of judicial economy, Defendants have summarized only those facts relevant to Plaintiff's claims below.

### I.      The Mortgage Loan & Judgment in Foreclosure

On December 5, 2006, Plaintiff entered into an Adjustable Rate Note in the original principal amount of $60,000.00 (the "Note").  *See* Compl. at Ex. 5.  The Note was secured by a mortgage on the real property located at 2253 Disston Street, Philadelphia, PA 19149 (the "Mortgage" and together with the "Note" the "Loan Documents" and the obligation secured thereunder the "Loan").  *Id.*  The Mortgage was subsequently assigned to Wells Fargo Trust.  *Id.*

Following Plaintiff's default under the terms of the Loan Documents, Wells Fargo Trust initiated a foreclosure action against Plaintiff captioned *Wells Fargo Bank, N.A., as Trustee for the Carrington Mortgage Loan Trust, Series 2007-FRE1, Asset-Backed Pass Through Certificates v. Kimberly Glaser*, at F.J.D. August Term 2017, No. 19146 (the "Foreclosure Action").  *See* Compl. at ¶ 57; *see also* Declaration of Fred W. Hoensch, Esq. ("Hoensch Decl.")

attached hereto as Exhibit 1, at Ex. A (Foreclosure Complaint and Docket).[1]  On July 16, 2018, judgment was entered against Plaintiff and in favor of Wells Fargo Trust in the amount of $118,073.75, **plus interest** from July 8, 2018 through the "date of sale" (the "2018 Judgment"). *See* Compl. at ¶ 59; *see also* Hoensch Decl. at Ex. B.[2]

## II.    Plaintiff's Bankruptcy and Wells Fargo Trust's Proof of Claim

Plaintiff filed for bankruptcy on March 29, 2019.  *See* Compl. at ¶ 61; *See* Hoensch Decl. at Ex. C (Docket and Chapter 13 Plan).  Plaintiff's Chapter 13 Plan specifically provides for **curing** and reinstating the Loan Documents.  *Id.* at p. 3 § 4.  Plaintiff did **not** elect to pay Wells Fargo Trust's claim in full.  *Id.*

Accordingly, when Wells Fargo Trust filed its proof of claim on June 3, 2019, it provided Plaintiff with the information needed to cure and reinstate under the terms of the Loan Documents – not to pay off the 2018 Judgment in full.  *See* Compl. at Ex. 1 (the "Proof of Claim").  In the Proof of Claim, Wells Fargo Trust sought the same principal balance due under the 2018 Judgment, with the same 2% interest rate (by virtue of the loan modification provided to Plaintiff in 2016).  *Compare* Compl. at Ex. 1 to Hoench Decl. at Ex. C.  It also, however, included certain expenses, including attorney's fees and escrow advances, incurred on the Loan after the 2018 Judgment was entered.  *Id.*

Plaintiff then entered into an agreement with Wells Fargo Trust to begin making her "**contractual monthly loan payments** due to [Wells Fargo Trust] moving forward".  *See* Hoensch Decl. at Ex. D (Stipulation) (emphasis added).

On December 6, 2019, however, the Trustee filed a Motion to Dismiss the case due to the

---

[1]    The Court may consider these document as they are matters of judicial and public record of which the Court may take judicial notice.  *See, e.g., Sands v. McCormick*, 502 F.3d 263, 268 (3d Cir. 2007).

[2]    *See* n. 1, *supra*.

"unreasonable delay by debtor(s)" in failing to "propose an adequately funded plan, in that the total filed proofs of claim which are to be paid through the plan exceed the value of the plan.". *Id.* at D.I. 50. Apparently unable to rebut the Trustee's claims Plaintiff chose not to file any opposition to the Trustee's motion to dismiss and instead filed the subject Adversary Complaint on January 16, 2020.

### III.        The Instant Adversary Complaint

In the Complaint, Plaintiff seeks to reduce the "total filed proofs of claim" (thereby saving the bankruptcy from dismissal) by eliminating or reducing Wells Fargo Trust's valid Proof of Claim. *See, generally, Compl.*

Plaintiff argues that the Loan Documents she had been making "contractual monthly loan payments" under, *see* Hoensch Decl. at Ex. D, now no longer exist and therefore that Wells Fargo Trust either (a) does not have a valid claim or (b) has a claim limited only to the 2018 Judgment. *See, generally, Compl.* Plaintiff also brings several affirmative claims arising out of the filing of the Proof of Claim or the (allegedly non-existent) Loan Documents. *Id.*

Specifically, Plaintiff brings the following six claims against Defendants:

(1)      Disallowance of Entire Proof of Claim for Lack of Standing, *id.* at ¶ 71;

(2)      Partial Disallowance of Proof of Claim under *Res Judicata* In Excess of the Unpaid Balance Due on the 201[8] Judgment, *id.* at ¶ 72;

(3)      Violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*, against SPS for filing the Proof of Claim, *id.* at ¶ 79;

(4)      Disallowance of Proof of Claim for Violation of Pennsylvania's Loan Interest and Protection Law ("Act 6"), 41 P.S. § 101 *et seq.*, id. at ¶ 84;

(5)      Violation of the Truth in Lending Act ("TILA"); 15 U.S.C. § 1601, *et seq* for failing to provide disclosures under the Home Ownership Equity Protection Act ("HOEPA"), 15 U.S.C. § 1639, *et seq.*, against Wells Fargo Trust, *id.* at ¶ 85; and

(6)      Lien Avoidance Pursuant to 11 U.S.C. § 506(d). *Id.* at ¶ 87.

As each of these claims fail as a matter of law, Wells Fargo Trust now moves to dismiss the Complaint in its entirety and with prejudice.

## LEGAL ARGUMENT

## I.   LEGAL STANDARDS

A complaint be dismissed under Federal Rule 12(b)(6) "for failure of the pleading to state a claim upon which relief can be granted."   Fed. R. Civ. P. 12(b)(6) (made applicable in adversary proceedings by Fed. R. Bankr. P. 7012).

To withstand a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"   *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)).   The court should not accept as true "unsupported conclusions and unwarranted inferences" cast as factual allegations.   *Doug Grant, Inc. v. Greate Bay Casino, Corp.*, 232 F.3d 173, 174 (3d Cir. 2000). Thus, a complaint that contains only "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do."   *Twombly*, 550 U.S. at 555.   Rather, a complaint must provide "enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary elements[s]" of the claim.   *Phillips v. Cty. of Allegheny,* 515 F.3d 224 (3d Cir. 2008).

Applying these standards here Plaintiff's Complaint should be dismissed.

## II.   THE COMPLAINT FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED; IT SHOULD BE DISMISSED WITH PREJUDICE

### A.   Count I Should Be Dismissed Because Wells Fargo Trust Has Standing To File The Proof of Claim

In Count I, Plaintiff asks the Court to disallow the Wells Fargo Trust's proof of claim due to "lack of standing" to file the Proof of Claim.   *See* Compl. at ¶ 71.   This Claim should be dismissed with prejudice as Wells Fargo Trust plainly has standing to assert a claim - under both the Loan Documents and the 2018 Foreclosure Judgment.

As the Supreme Court has explained, a "claim" simply means:

> (A) right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or
>
> (B) right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured.

*Johnson v. Home State Bank*, 501 U.S. 78, 83 (1991) (citing 11 U. S. C. § 101(5)). "Congress intended by this language to adopt the broadest available definition of 'claim.'" *Id.* (citing *Pennsylvania Dept. of Public Welfare v. Davenport*, 495 U.S. 552 (1990). As such, a "right to payment [means] nothing more nor less than an enforceable obligation.", *id.*, and a "claim" against the debtor also "includes claim against property of the debtor". 11 U.S.C. §102(2). Thus, to standing for a bankruptcy 'claim', a creditor must simply have "a 'right to payment' under applicable law" against the debtor or their property. *Faulkner v. M&T Bank (In re Faulkner)*, 593 B.R. 263, 275 (Bankr. E.D. Pa. 2018) (citing 11 U.S.C. §101(5))

Here, Wells Fargo Trust plainly meets this requirement. As set forth more fully below, not only does it have standing via the Loan Documents sought to be revived by Plaintiff's cure plan, *see* Mot. at III(B), *infra*, but also via the 2018 Foreclosure Judgment which Plaintiff admits was entered against her and in favor of Wells Fargo Trust on July 16, 2018. *See* Compl. at ¶ 59.[3]

---

[3]    The Complaint contains a number of allegations challenging Wells Fargo Trust's standing to foreclose and status as holder of the Loan Documents. *See e.g.,* Compl. at ¶ 9; *id* at ¶ 59. While it is not clear what, if any, relation those allegations have to Plaintiff's claims, any such claims would be barred by *Rooker Feldman*, *res judicata* and *collateral estoppel* by virtue of the 2018 Foreclosure Judgment. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *Atl. Coast Line R. Co. v. Bhd. of Locomotive Eng'rs*, 398 U.S. 281, 296 (1970) ("[L]ower federal courts possess no power whatever to sit in direct review of state court decisions."); *Taliaferro v. Darby Township Zoning Bd.*, 458 F.3d 181, 192 (3d Cir. 2006) ("[A] district court is precluded from entertaining an action, that is, the federal court lacks subject matter jurisdiction, if the relief requested effectively would reverse a state court decision or void its ruling.").

Accordingly, Plaintiff's claim that Wells Fargo Trust lacks standing to file the Proof of Claim is meritless and should be dismissed with prejudice.

**B.     Count II Should Be Dismissed Because Plaintiff Has Elected to Cure Her Default, Thereby Reviving The Loan Documents. Alternatively, An Exception to the Merger Doctrine Applies.**

In Count II, Plaintiff asks this Court to reduce the Proof of Claim to $119,648.07 (representing the 2018 Judgment, plus 2% interest of $1,574.32).  *See* Compl. at ¶ 66.

In support, Plaintiff relies on *In re Stendardo*, where the Third Circuit disallowed post-judgment expenses for taxes and insurance under the merger doctrine, finding that "the terms of a mortgage are merged with a foreclosure judgment and no longer provide the basis for determining the obligations of the parties."  *In re Stendardo*, 991 F.2d 1089, 1094-95 (3d Cir. 1993).  This argument, however, overlooks the fact that Plaintiff has elected to cure and reinstate the Mortgage, thereby reviving her obligations under the Loan Documents.  Alternatively, if this Court declines to apply the revival doctrine, it should find that certain post-judgment expenses are expressly permitted by the Loan Documents, thereby entitling Wells Fargo Trust to the same.

Under either theory, Plaintiff's efforts to reduce Wells Fargo Trust's Proof of Claim to $119,648.07 is improper and should be denied by this Court.

> i.  Plaintiff Has Elected To Cure And Reinstate The Mortgage Thereby Reinstating Her Obligations Under The Same

Here, Plaintiff's Chapter 13 Plan provides for the cure and reinstatement of the Loan Documents.  *See* Hoensch Decl. at Ex. C, p. 3, § 4(b) (requiring payments "in accordance with the parties' contract").  *Id.*  Indeed, Plaintiff entered into a stipulation expressly providing that she would be maintaining her "contractual monthly loan payments due to [Wells Fargo Trust] ."  *Id.* at Ex. D.  Accordingly, because Plaintiff sought to cure her default and reinstate the Loan, *In re Stendardo* is inapposite and Wells Fargo Trust's Proof of Claim is valid.

"The principle that the ***terms of the mortgage note or contract are reinstated when a debtor elects to cure*** pursuant to § 1322(b)(5) is well-established within the Third Circuit." *Rogel v. Deutsche Bank Nat'l Tr. Co.* (*In re Rogel*), 425 B.R. 231, 235 (Bankr. W.D. Pa. 2010) (finding that "clear precedent" allowed for a claim of "Escrow Advances" when debtor elected to cure); *see also Smiriglio v. Hudson United Bank*, 98 Fed. Appx. 914, 915 (3d Cir. 2004) ("[E]very bankruptcy court to consider the matter appears to have agreed or assumed that 'when a debtor seeks to cure a prepetition payment default over the life of a Chapter 13 plan…the amount of the arrearage must be determined in accordance with the underlying agreement'"); *Willett v. Midfirst Bank (In re Willett),* 196 B.R. 732, 733-34 (Bankr. W.D. Pa. 1996) (holding that when debtors elect to cure they "bec[ome] liable for interest and all other charges which accrue under the terms of the [m]ortgage, just as if no judgment were ever taken."); *Appeal of Capps*, 836 F.2d 773, 777 (3d Cir. 1987) ("Cure by its very nature assumes a regime where debtors reinstate defaulted debt contracts in accordance with the conditions of their contracts.").

As the Court in *Willett* explained:

> The Debtors' proposed plan contemplates a cure of the default. 'Curing a default means taking care of the triggering event and returning to pre-default conditions.' Curing a default means that 'the event of default is remedied and the consequences are nullified.' 'Stated differently, ***a cure returns the parties to the status quo ante by paying all the arrearages on the debt and reinstating the debt's original terms***.'

*Willett* at 733-34 (internal citations omitted) (emphasis added); *see also In re Miles*, 400 B.R. 441, 445 (Bankr. E.D. Pa. 2008) ("*Willet* accurately states the law as to a ***debtor's obligation for all mortgage charges where he seeks to reinstate the mortgage by filing a cure plan***") (emphasis added); *Dukes v. Firstrust Bank (In re Dukes)*, Adversary No. 96-1004, 1997 Bankr. LEXIS 2221, at *23 n.11 (Bankr. E.D. Pa. Nov. 7, 1997) (noting that debtors who "sought to

cure their default under the mortgage through their Chapter 13 plan and reinstate the mortgage…reinstated the provisions therein providing for payment of taxes and insurance.").

This applies with equal force even after a judgment in foreclosure has been entered because "revival of the terms of the mortgage post-judgment" is "a recognized exception to the *Stendardo* [Merger Doctrine] rule". *In re Miles*, 400 B.R. at 446; *Rogel*, 425 B.R. at 234 (finding *Stendardo* inapplicable because "the fact pattern of *Stendardo* is inapposite to facts in the instant matter. Specifically, in *Stendardo*, the debtors had not stated their intent to cure the default and reinstate the mortgage as is the case here."). While the courts in *Dukes* and *In re Miles* ultimately declined to apply this exception, that was because those debtors did *not* seek to cure their default under their Chapter 13 plans. *See Dukes* at *23 n.11 ("Plaintiff's Chapter 13 plan provides for paying Firstrust's judgment against her and not curing her default under the mortgage. The terms of her mortgage were not reinstated."); *In re Miles* at 445 (revival exception does not apply when the Chapter 13 plan "contemplates payment of the full debt and not a reinstatement of the mortgage"). Here, however, Plaintiff's Chapter 13 plan ***does*** call for a cure. *See* Hoensch Decl. at Ex. C, p. 3, § 4(b); *see also* Hoensch Decl. at Ex. D ("Debtor shall maintain post-petition contractual monthly loan payments due to [Wells Fargo Trust]"). Thus, this Court should follow the "[c]lear precedent" and find that, upon electing to cure, Plaintiff "became liable for interest and all other charges which accrue under the terms of the Mortgage, just as if no judgment were ever taken." *Rogel,* 425 B.R at 235; *Willett,* 196 B.R. at 733-34.

As such, because Plaintiff seeks to cure the mortgage, Wells Fargo Trust's Proof of Claim should not be disallowed and Count II should be denied.

           ii.   Alternatively, the Mortgage Expressly Allows for Post-Judgment
               Interest and Attorney's Fees

To the extent that this Court does not apply the revival exception (which it should do),

Plaintiff's request to disallow all post-judgment expenses should also be denied as it ignores a second well-established exception to the Merger Doctrine: that "Parties to a mortgage may rely upon a particular provision post-judgment if the mortgage clearly evidences their intent to preserve the effectiveness of that provision post-judgment." *Stendardo*, 991 F.2d at 1095. Thus, here, because the Loan Documents expressly permit post-judgment interest and attorney's fees, Wells Fargo Trust is entitled to include these expenses in the Proof of Claim.

It is well settled that "[a] provision in a note or mortgage survives merger if it 'clearly evidences [the parties'] intent to preserve the effectiveness of that provision post-judgment.'" *In re Cohen-Harvin*, 571 B.R. at 675 (citing *Stendardo*, 991 F.2d at 1095). Thus, claims are not, as Plaintiff asserts, limited only to the amount of the foreclosure judgment (plus 2% interest and fees), but may also include all post-judgment fees and costs that survived merger as expressly provided for in the Loan Documents. *Id.* at 676-677; *see also EMC Mortg., LLC v. Biddle*, 2015 PA Super 79 (Pa. Super. Ct. 2015).

Here, the Mortgage specifically provides that "[l]ender shall be entitled to collect ***all expenses incurred in pursuing the remedies provided in this Section 22***, including, but not limited to, attorneys' fees and costs of title evidence". *See* Compl. at Ex. 5 at Mortgage, ¶ 22 (emphasis added). One such remedy provided is "foreclosure by judicial proceeding ***and sale of the Property***". *Id.* (emphasis added). Thus, because any sale of the Property necessarily occurs *after* the entry of a judgment, post-judgment legal expenses are expressly contemplated by the Mortgage and Wells Fargo Trust is therefore entitled to the same. *Id.; see also In re Cohen-Harvin*, 571 B.R. at 675 (evaluating a near identical provision and allowing post-judgment attorney's fees and costs because "the remedies provided in this paragraph" necessarily "encompass[es] the entire foreclosure process through sheriff's sale and not just to the entry of

judgment"); *Bernadin v. U.S. Bank Nat'l. Ass'n (In re Bernadin),* 609 B.R. 26, 41 (Bankr. E.D. Pa. 2019) ("[T]he right to reimbursement for the expenses incurred in exercising Paragraph 22 remedies encompasses the post-judgment process of bringing the property to sheriff's sale.")[4].

As for post-Judgment interest, the Mortgage expressly provides that "Borrower agrees that the interest rate payable after a judgment is entered on the Note or in an action of mortgage foreclosure shall be the rate payable from time to time under the Note." *See* Compl. at Ex. 5 at ¶ 27.

Accordingly, because the Mortgage plainly provides for post-judgment expenses, even if this Court did not find that Plaintiff's obligations under the Loan Documents were revived by her cure plan, Plaintiff's request in Count II to limit the Proof of Claim to just the 2018 Judgment, plus 2% interest, should still be denied.[5]

###     C.    Count III Should Be Dismissed With Prejudice Because It Is Improperly Pled and Fails as a Matter of Law

In Count III, Plaintiff claims that SPS violated the FDCPA by filing the Proof of Claim based on the Loan Documents. *See* Compl. at ¶ 82. Plaintiff is wrong. Not only has Plaintiff failed to allege all the requisite elements for an FDCPA claim, but because SPS plainly had a reasonable "legal basis" for filing the Proof of Claim, Plaintiff's FDCPA claim fails as a matter. Further, even if it did not so fail, it would be preempted by the Bankruptcy Code. Accordingly, Plaintiff's FDCPA fails of law and should be dismissed with prejudice.

####     i.    Plaintiff's FDCPA Claim Fails To State A Claim

To state a claim under the FDCPA, a plaintiff must establish that "(1) she is a consumer; (2) the defendant is a debt collector, (3) the defendant's challenged practice involves an attempt

---

[4]      While the *Bernadin* Court ultimately declined to dismiss Debtor's claims relating to the post-judgment escrow expenses, it did not consider the impact of the revival exception.

[5]      To the extent this Court relies on the "clearly evidenced" exception rather than the revival exception, Wells Fargo Trust respectfully requests leave to amend its proof of claim in accordance with the same.

to collect a 'debt' as the Act defines it, and (4) the defendant has violated a provision of the FDCPA in attempting to collect the debt." *Jensen v. Pressler & Pressler*, 791 F.3d 413, 417 (3d Cir. 2015).  Plaintiff has not done so here.  In fact, Plaintiff does not even allege that she is a qualifying consumer under the act, warranting dismissal outright.  *See* Compl. at ¶¶ 79-83.

Moreover, as established above, legal precedent in this circuit establishes that the Proof of Claim *is* valid and therefore that SPS has not violated any provision of FDCPA at all.  *See* Mot. at III(b)(i)-III(b)(ii).  Certainly, it cannot be said that SPS had "no legal basis" for filing the Proof of Claim as required for a violation of the FDCPA.  *Bernadin v. U.S. Bank Nat'l Ass'n (In re Bernadin)*, 610 B.R. 787, 796 n.17 (Bankr. E.D. Pa. 2019) ("There is a limiting principle: an FDCPA violation arises only if there is no legal basis (contractual or otherwise) for the payment demand.") (citing *Wehrheim v. Secrest*, 2002 U.S. Dist. LEXIS 19020, at *12 (S.D. Ind. Aug. 16, 2002) (collecting cases and finding that there is no violation of the FDCPA "so long as there is a reasonable basis in law for the request.").

Accordingly, not only is Plaintiff's FDCPA improperly pled, but it fails as a matter of law and Count III should be dismissed with prejudice.

ii.  Plaintiff's FDCPA is Preempted By The Bankruptcy Code

Even if Plaintiff had stated a claim under the FDCPA (which she did not), Plaintiff's FDCPA claim would still be subject to dismissal as it is preempted by the Bankruptcy Code.  *See Simon v. FIA Card Servs., N.A.*, 732 F.3d 259, 278 (3d Cir. 2013) (finding no "broad categorical preclusion" but instead that FDCPA claims will be precluded if the plaintiff's "specific allegations present such a conflict with the Bankruptcy Code and Rules").  Here, Plaintiff alleges that SPS violated the FDCPA by filing a proof of claim based on the underlying Loan Documents and not the 2018 Judgment.  *See* Compl. 11 U.S.C. § 1322, however, expressly

provides that "if it is proposed in a plan to cure a default, the amount necessary to cure the default, shall be determined ***in accordance with the underlying agreement*** and applicable non-bankruptcy law."  11 U.S.C. § 1132(e) (emphasis added).  "In adding § 1322(e)'s directive that ***the parties' contracts determine the amount of arrearage***, the intent of Congress was 'that a cure pursuant to a plan should operate to put the debtor in the same position as if the default had never occurred'."  *In re Lammy*, 356 B.R. 168, 172 (Bankr. E.D. Pa. 2006) (emphasis added).

Thus, here, Plaintiff's "specific allegations" necessarily "conflict with the Bankruptcy Code and Rules" because it would be impossible for the Proof of Claim to comply with both § 1132(e)'s directive that the amount of arrearage for Plaintiff's cure plan be determined based on the "underlying agreement" and Plaintiff's allegation that it based only the 2018 Judgment. As such, Plaintiff's FDCPA claim is precluded and should be dismissed.  *See Simon*, 732 F.3d 259, 278; *see also Midland Funding, LLC v. Johnson*, 137 S. Ct. 1407, 1415 (2017) (declining to extend the FDCPA to the filing of a proof of claim because "[t]o find the [FDCPA] applicable here would upset that 'delicate balance [between a 'debtor's protections and obligations]'" as they are codified by the Bankruptcy Code); *Torres v. Asset Acceptance, LLC*, 96 F. Supp. 3d 541, 547-48 (E.D. Pa. 2015) (opining that filing an inflated proof of claim "cannot serve as the basis for an FDCPA action, primarily because there 'is no need to protect debtors who are already under the protection of the bankruptcy court, and there is no need to supplement the remedies afforded by bankruptcy itself.'") (citations omitted).

Accordingly, Count III should be dismissed with prejudice and without leave to amend.

**D.    Count IV Should Be Dismissed With Prejudice Because The Loan Does Not Meet the Definition of a Residential Mortgage Under Act 6**

In Count IV, Plaintiff brings a claim for "Disallowance of Proof of Claim for Arrears… and Unconscionability and Damages" pursuant to Act 6.  *See* Compl. at ¶ 84.  Plaintiff's Act 6

13

claim necessarily fails, however, because Plaintiff's Loan does not meet the definition of a "residential mortgage" under the Act 6. Thus, because Act 6 does not apply to Plaintiff's Loan, Count IV should be dismissed with prejudice.

"Act 6 regulates legal rates of interest, 41 P.S. §§ 201, 301, provides various consumer protection provisions, 41 P.S. §§ 401-408; and sets forth various remedies for the violation of its terms. 41 P.S. §§ 501-507". *Bayview Loan Servicing, LLC v. Lindsay*, 646 Pa. 381, 384 (Pa. 2018). Act 6, however, only applies to "residential mortgages", which, at the time Plaintiff's loan was originated in 2006, was limited to loans which had a bona fide principal amount of "fifty thousand dollars ($50,000.00) *or less*". *See* 41 P.S. § 101 at Amendment Notes (emphasis added); *see also Johnson v. Phelan Hallinan & Schmieg, LLP*, 2019 PA Super 11 (finding that prior to the 2008 amendment, "[a] 'residential mortgage' was defined, in pertinent part, as 'an obligation to pay a sum of money in an original bona fide principal amount of fifty thousand dollars ($50,000.00) or less'"). When determining whether Act 6 applies to a particular loan, courts look to the "limit for residential mortgages place *at the time the transaction was consummated*". *Id.* (affirming dismissal of Act 6 claims because "[t]he mortgage simply did not meet section 101's definition of a 'residential mortgage' because the principal amount exceeded the $50,000.00 limit for residential mortgages"); *see also, e.g., Trunzo v. Citi Mortgage,* 43 F. Supp. 3d 517, 535 (W.D. Pa. 2014) ("Notwithstanding the 2008 amendment, courts have looked to the bona fide principal amount set at the time of the transaction, and not at a subsequent date, for considering whether a residential mortgage comes under Act 6.").

Here, Plaintiff's Loan had an original principal amount of $60,000.00. *See* Compl. at Ex. 5 at Note. This amount plainly exceeds Act 6's $50,000 limit for residential mortgages in 2006. Plaintiff attempts to overcome this fatal flaw by baldly claiming that "[w]hile the face amount of

the Note in the underlying loan was $60,000.00, the original bona fide principal amount of [Plaintiff's] mortgage, within the meaning of §101 of Act 6 was $50,000.00 or less". Compl. at ¶ 48. Plaintiff, however, provides no facts or support whatsoever for this legal conclusion. *See*, generally, Compl. This is simply insufficient to state a claim. *See Twombly*, 550 U.S. at 555 (pleading "labels and conclusions…will not do."); *Doug Grant, Inc.,* 232 F.3d at 174 (the court should not accept "unsupported conclusions" cast as factual allegations).

Accordingly, because Plaintiff's loan is not a "residential mortgage" as defined by Act 6, Plaintiff's Act 6 claim necessarily fails and should be dismissed with prejudice. *See e.g., Johnson*, 2019 PA Super 11 ("Since the Johnsons' mortgage is not a 'residential mortgage' under the Act, they are without a predicate violation of Act 6 for which they can recover"); *Sayre v. Customers Bank,* 2017 U.S. Dist. LEXIS 86141, at *19-21 n.7 (E.D. Pa. June 6, 2017) ("Plaintiff does not have a claim under Act 6 based on the mortgage that was signed in 2007 because his mortgage was greater than the base figure amount set for residential mortgages.).

### E.    Count V Should Be Dismissed With Prejudice Because Plaintiff's Mortgage Is Not A "High Cost Mortgage" Under HOEPA

Plaintiff next alleges she "was not provided with the disclosures that meet the requirements of the provisions of the Truth in Lending Act", *see* Compl. at ¶ 50, and specifically, by HOEPA, 15 U.S.C. § 1639. *Id.* at ¶ 53. Plaintiff's Loan, however, is not subject to HOEPA's disclosure requirements and Count V should therefore be dismissed with prejudice.

TILA requires that creditors disclose certain information prior to the extension of credit. *See e.g.,* 15 U.S.C. § 1601, *et seq.* HOEPA, an amendment to TILA, then provides for additional "substantive prohibitions and notice requirements for a defined class of **non-purchase**, non-construction, closed-end loans with high interest rates or up-front fees as **'High Cost Mortgages**.'" *Williams v. BankOne Nat'l Ass'n (In re Williams),* 291 B.R. 636, 649 (Bankr. E.D.

15

Pa. 2003) (emphasis added) (citing 15 U.S.C. § 1602 and *Newton v. United Cos. Fin. Corp*., 24

F. Supp. 2d 444, 450 (E.D. Pa. 1998).   "When a mortgage fits within the requirements of 15

U.S.C. § 1602(aa), HOEPA requires a creditor to deliver certain pre-closing disclosures at least

three business days prior to the loan closing".  *Id.*

At the time the Loan was originated, a "High Cost Mortgage" under § 1602 was limited

to: "a consumer credit transaction that is secured by the consumer's principal dwelling, ***other***

***than a residential mortgage transaction***, a reverse mortgage transaction, or a transaction under

an open end credit plan, if—

> (A) the annual percentage rate at consummation of the transaction
> will ***exceed by more than 10 percentage points the yield on***
> ***Treasury securities*** having comparable periods of maturity on the
> fifteenth day of the month immediately preceding the month in
> which the application for the extension of credit is received by the
> creditor; or
>
> (B) the total points and fees payable by the consumer at or before
> closing will exceed the greater of— (i) 8 percent of the total loan
> amount; or (ii) $400.

15 U.S.C. § 1602 at 2010 Amendment Notes; *see also Johnson v. Know Fin. Grp., L.L.C*., No.

03-378, 2004 U.S. Dist. LEXIS 9916, at *13 (E.D. Pa. May 26, 2004) (setting forth the pre-

amendment definition); *see also Blythe v. HSBC Bank USA, N.A. (In re Blythe),* 413 B.R. 205,

207 n.3 (Bankr. E.D. Pa. 2009) ("That this is a refinance as opposed to a purchase money loan

matters: the Plaintiffs allege that this is a 'high cost,' or HOEPA loan.  The ramifications which

flow from that do not apply to purchase money mortgage") (citations omitted).  Here, Plaintiff

has not alleged facts whatsoever to establish that the Loan met this definition.

To the contrary, Plaintiff relies only on a single conclusion of law, badly asserting that

the Loan "was a high cost mortgage within the definition set forth in 15 U.S.C. § 1602 effective

the date of the loan" without any support whatsoever.  *See* Compl. at ¶ 52.  These types of

unsupported statements are insufficient to state a claim, warranting dismissal. *See Twombly*, 550

U.S. at 555 (pleading "labels and conclusions…will not do."); *see also Stefanowicz v. SunTrust*

*Mortg.*, No. 3:16-cv-00368, 2017 U.S. Dist. LEXIS 3592, at *9 n.4 (M.D. Pa. Jan. 9, 2017)

("Stefanowicz has failed to plead facts about her loan (i.e., the interest rate at closing or the total

points and fees paid at or before closing) necessary to establish that HOEPA applies to her

mortgage loan.").

Moreover, because Plaintiff's Loan was, in fact, *not* a "high cost mortgage" as defined by

the Act, this claim should be dismissed with prejudice and without leave to amend.  Here, the

Loan was originated in December 5, 2006, had an interest rate of 11.350%, and was a 30-year

loan. *See* Compl. at Ex. 5 at Note.  Thus, among other requirements, for the loan to qualify as a

"High Cost Mortgage" under HOEPA, the 30 year Treasury security the month before the Loan

would have had to be *lower* than 1.350% (representing the Loan's interest rate minus 10

percentage points). *See* 15 U.S.C. § 1602(aa)(A)(1).  For the *entirety* of 2006, however, the yield

for a 30-year Treasury security never dropped below 4.48 percent. *See* Hoensch Cert. at Ex. E

(Federal Reserve, Daily Treasury Yield Curve Rates).[6]  Accordingly, the Loan is not subject to

HOEPA's disclosure requirements and Plaintiff's claim should be dismissed with prejudice.

Finally, while Plaintiff has only cited to the disclosure requirements of HOEPA, to the

extent Plaintiff intended to raise a claim under TILA directly, such a claim would also fail.  Not

---

[6]    The Court may take judicial notice of these facts because they "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b)(2); *see also Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014) (the court may take judicial notice of, inter alia, matters of "public record", materials from "government agencies" and "published reports of administrative bodies"); *Armani v. Nw. Mut. Life Ins. Co.*, No. 2017 U.S. Dist. LEXIS 117203, at *7 (C.D. Cal. July 24, 2017) (taking judicial notice of treasury rates); *James v. Grp. Life & Health Benefits Plan for Emples. of Participating AMR Corp. Subsidiaries*, 2014 U.S. Dist. LEXIS 131432, at *3 (D. Or. Sep. 19, 2014) (taking judicial notice of "the 52-week Treasure yield"); *In re Walkabout Creek Ltd. Dividend Hous. Ass'n Ltd. P'ship*, 460 B.R. 567, 574 (Bankr. D.D.C. 2011) (taking judicial notice of "the 30-year treasury yield").

only has Plaintiff failed to identify any disclosure required under TILA that she was not provided, but Wells Fargo Trust is the Mortgage's assignee, *see* Compl. at Ex. 5, and Plaintiff has failed to alleged facts sufficient to show that any TILA violation was "apparent on the face of the disclosure statement". *See* 15 U.S.C. § 1641(a) (emphasis added); *see also Ramadan v. The Chase Manhattan Corp.*, 229 F.3d 194, 198 (3d Cir. 2000) ("[F]or an assignee to be liable under TILA, the violation must be apparent on the face of the assigned disclosure documents"). While Plaintiff's Complaint acknowledges this limitation to liability, Plaintiff has once again failed to allege any facts in support of her attempts to circumvent it, instead relying on a single conclusion of law. *See* Compl. at ¶ 86 ("The Truth in Lending violations where [sic] apparent from the face of the loan documents."). This is insufficient to state a claim.

### F.     Count VI Should Be Dismissed Because Wells Fargo Trust has an Allowable Secured Claim on the Property

Finally, in Count VI, Plaintiff brings a claim for "Lien Avoidance Pursuant to 11 U.S.C. § 506(d)." *See* Compl. at ¶ 87-88. This claim should be dismissed out of hand.

In order for § 506(d) to apply, this Court would first have to find that Wells Fargo Trust does not have an "allowed secured claim" on the Property. 11 U.S.C. § 506(d). This, however, is simply not true. As set forth above, Wells Fargo Trust has an allowable secured claim on the Property vis-à-vis the Loan Documents revived by Plaintiff's cure plan, *see* Mot. at III(B), and vis-à-vis the 2018 Foreclosure Judgment which Plaintiff admits was entered in favor of Wells Fargo Trust on July 16, 2018. *See* Compl. at ¶ 59.

Accordingly, because the lien Plaintiff seeks to avoid is both allowable and secured, Count VI should be dismissed with prejudice. *See* 11 U.S.C. § 506(d); *In re Cook*, 432 B.R. 519, 529 (Bankr. D.N.J. 2010) ("Here, the lien sought to be avoided is both an allowed claim, and is secured by the debtor's property. The relief sought by the debtor must be rejected."

## CONCLUSION

For these reasons, Defendants respectfully request that this Court enter an Order (i) granting their Motion to Dismiss, (ii) dismissing this action for failure to state a claim with prejudice and without leave to amend, and (iii) granting Defendants such other and further relief as is just, proper and equitable.

**PARKER IBRAHIM & BERG LLP**

*/s/ Fred W. Hoensch*
Fred W. Hoensch, Esq.
1635 Market Street, 11th Floor
Philadelphia, PA 19103
Telephone: (267) 908-9800
Facsimile: (267) 908-9888

*Counsel for Defendants,*
Wells Fargo Bank National Association, as Trustee for Carrington Mortgage Loan Trust, Series 2007-FRE1, Asset-Backed Pass-Through Certificates and Select Portfolio Servicing, Inc.

Dated: April 14, 2020