# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re:<br><br>KIMBERLY GLASER,<br><br>　　　　　　　　　　Debtor. | Case No. 2:19-bk-11998-mcd<br><br>Chapter 13 |
| KIMBERLY GLASER,<br><br>　　　　　　　　　　Plaintiff,<br>　　v.<br><br>WELLS FARGO BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR CARRINGTON MORTGAGE LOAN TRUST, SERIES 2007-FRE1, ASSET-BACKED PASSTHROUGH CERTIFICATES and SELECT PORTFOLIO SERVICING, INC.<br><br>　　　　　　　　　　Defendants. | Adv. Proc. No. 2:20-ap-00005-mdc |

## STIPULATION OF SETTLEMENT

It is hereby stipulated and agreed by and between Debtor/Plaintiff Kimberly Glaser ("Debtor") and Defendants Wells Fargo Bank National Association, as Trustee for Carrington Mortgage Loan Trust, Series 2007-FRE1, Asset-Backed Pass-Through Certificates ("Wells Fargo Trust" and Select Portfolio Servicing, Inc. ("SPS", and together with Wells Fargo Trust, "Defendants") that the above-captioned Adversary Proceeding and the operative Complaint filed therein, including any and all amendments, claims, defenses, and causes of action, shall be and hereby are settled as follows:

1.  In consideration for the mutual agreements set forth herein and as set forth more fully in the Confidential Settlement and Release Agreement (the "Settlement Agreement") that the Parties have executed, the Parties stipulate and agree to resolve this Adversary Proceeding in the matter set forth herein and in the Settlement Agreement.

2.  The Proof of Claim filed by SPS on behalf of Wells Fargo Trust for the Total Debt due and for the arears as of the Petition Date, claim #2-1, is disallowed as filed.

3.  The Proof of Claim shall be allowed as a secured claim in the total amount of $114,408.62 (the "Total Debt") as of the Petition Date, which shall be the total amount deemed to be due Wells Fargo Trust as of the Petition Date.

4.  It is agreed that no escrow deficiency is due as of the Petition Date and for that reason the Total Debt calculation as of the Petition Date contains no such component.

5.  The Debtor's pre-petition arrearage as of the Petition Date shall be allowed in the amount of $8,239.00 (the "Arrearage").  The Arrearage calculation also includes no component for an escrow deficiency as of the Petition Date.

6.  The Total Debt constitutes the total debt due as of the Petition Date under the Loan Documents upon which the Proof of Claim is based.  The allowed claim shall be inclusive of all claims asserted by Wells Fargo Trust against Debtor under the Loan Documents and shall constitute the total debt on the claim as of the Petition Date.

7.  Pursuant to 11 U.S.C. § 506(d), any lien Wells Fargo Trust had against the real property located at 2253 Disston Street, Philadelphia, PA 19149 in excess of the Total Debt ($114,408.62) is void.

8.  The manner of the application of the payments made in reduction of the total debt and the arrearage claim set forth in paragraphs 3 and 5 above is set forth in the Settlement Agreement.

9.  In addition to settling Debtor's objections to the Proof of Claim filed by SPS on behalf of Wells Fargo Trust, the Parties have agreed to settle all of the claims and defenses that were raised or could have been raised by Debtor against Defendants in her Adversary Complaint.

10.  Defendants shall remit a payment to Debtor for such claims and defenses, including for attorney fees, in confidential amounts that are set forth in the Settlement Agreement ("Settlement Payment") in exchange for Debtor's agreement to dismiss the above-captioned Adversary Proceeding with prejudice.

11. While the Settlement Payment is confidential, the Parties will make the Settlement Agreement available to the Court and to the Chapter 13 Standing Trustee for an *in-camera* review if the Court or Trustee so request.

12. The Court shall retain jurisdiction of this matter to enforce the provisions of this Stipulation of Settlement and of the Settlement Agreement.

13. Upon approval of this Stipulation of Settlement the above captioned adversary shall be marked "Dismissed with Prejudice subject to the retention of jurisdiction by this Court for the purpose of enforcing the provisions of this Stipulation of Settlement and the provisions of the Settlement Agreement."

**PARKER IBRAHIM & BERG LLP**
*Counsel for Defendants*,
Wells Fargo Bank National Association, as Trustee for Carrington Mortgage Loan Trust, Series 2007-FRE1, Asset-Backed Pass Through Certificates and Select Portfolio Servicing, Inc.

By: \s\ Marissa Edwards
    Fred W. Hoensch, Esq.
    Marissa Edwards, Esq.
    1635 Market Street, 11th Floor
    Philadelphia, Pennsylvania 19103
    Phone: 267-908-9800
    Fax: 267-908-9888
    fred.hoensch@piblaw.com
    marissa.edwards@piblaw.com

Dated: 8/31/2021

**PHILADELPHIA LEGAL SERVICES**
*Counsel for Plaintiff/Debtor*,
Kimberly Glaser

By: \s\ Irwin Trauss
    Irwin Trauss, Esq.
    718 Arch Street, Suite 300 N
    Philadelphia, PA 19106
    Phone: 215-981-3811
    Fax: 215-981-3870
    ltrauss@philalegal.org
    No Objection to Settlement

Dated: 8/31/2021

No Objection:

By: _____
    LeeAne Huggins, Esquire
    Counsel for William C. Miller
    Chapter 13 Standing Trustee

Dated:

AND NOW this        day of           , 2021 it is hereby ODERED and DECREED that the forgoing Stipulation of Settlement and the referenced Settlement Agreement are hereby: APPROVED as an order of this Court.  The above captioned action is **DISMISSED WITH PREJUDICE** by agreement of the parties subject to the retention by this Court of jurisdiction to enforce the settlement provisions.

By the Court:

_____
Magdeline D. Coleman, Chief Bankruptcy Judge